**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF WEST VIRGINIA**

**IN RE: BRITNEY TIANN PARSLEY**                                     **3:19-BK-30320**

**MEMORANDUM IN OPPOSITION TO THE THE MOTION OF J.P. MORGAN MORTGAGE ACQUISITION CORP., AS SERVICED BY RUSHMORE LOAN MANAGEMENT SERVICES, LLC ("MOVANT"), BY AND THROUGH ITS ATTORNEYS RYAN H. KEESEE, ANDREW F. PAHL, AND STERN & EISENBERG, P.C., TO MODIFY STAY TO ALLOW FORECLOSURE**

**STATEMENT OF FACTS**

This matter is now before the court on the petition of Britney Parsley seeking to cure the arrearage on her residence. She resides in the property having been given possession and ownership by her parents who had previously filed a Chapter 7 bankruptcy in this court and therefore we're no longer obligated to pay the debt. However, the title remained in parents name. and Britney Parsley thereafter gave them the money for several years to make the payments thereon as she resided in their property as rent to own.

Thereafter the loan was the sold or transferred to another company for servicing at which time the $1900 in escrow disappeared, payments sent to the creditor were refused, and ultimately an arrearage a occurred during the transfer process. Thereupon the new creditor began foreclosure proceedings. Britney Parsley sought bankruptcy relief in order to keep her home and in an effort to do so her parents transferred to her ownership of the property understanding full

well that the mortgage would follow the property and have to be paid by the new owner or she would lose the property.

The present chapter 13 bankruptcy was filed two days prior to the foreclosure hearing date in an effort to cure the arrearage The creditor has filed a motion for relief from stay alleging that the property is not in the name of Britney Parsley at the time of the creation of the mortgage and was therefore she was not able to seek bankruptcy relief in reference to it.

During the several years post-bankruptcy the parents, the payments were current until the assignment /transfer of the mortgage to a new servicing company. This was also precipitated by the creditor servicing the mortgage refusing to accept payments.

## THE ISSUE OF THE CASE

May Britney Parsley seek the protection of the bankruptcy court to protect foreclosure of a property in which she resides which was mortgaged in the name of her parents who filed bankruptcy , who did not reaffirm the debt, who made payments from Britney Parsleys money for several years while Britney Parsley and family resided therein, and an arrearage occurring during assignment and transfer of the original mortgage, deed given by her parents and the current title owner Britney Parsley you received the deed for the property a few days before the foreclosure date, and filed chapter 13 bankruptcy to stop the foreclosure , thereafter having made adequate protection payments by agreement over the majority of the term of the bankruptcy, be allowed to seek the protection of the bankruptcy court to cure the arrearage which arose under her parents as previous title owner.

## DISCUSSION OF CASE

It is known, that if a property is purchased that it is taken subject to any preexisting liens on the property which are properly filed of record absent a court order to the contrary. The only prohibition to transfer the ownership of the property alleged by the creditor is a transfer clause within the deed of trust mortgage. This clause is perhaps binding upon the owners at the time of the signing of the mortgage however it does not say that it invalidates any transfer only that it is not allowed so far as the creditor is concerned. Britney Parsley is a good faith purchaser for value accepting the Deed knowing then she will have to pay the mortgage upon the property in order to keep it.

There is no prohibition in West Virginia law preventing the transfer of property which is subject to some type of preexisting debts such as property taxes, federal taxes, mortgages, judgment liens, and child support liens.

There is no prohibition under federal law preventing the transfer of property which is subject to some type of preexisting debt.

There is no prohibition under West Virginia Consumer Credit Protection Act preventing the transfer of property subject to a lien.

Britney Parsley being a good faith purchaser for value takes ownership of the property and may to protect her interest file for chapter 13 bankruptcy protection to cure any debt upon the property. This is similar to redeeming property under West Virginia delinquent tax law, paying outstanding judgment liens, or paying any other encumbrance to remove any cloud upon purchase.

If there had been no transfer of the mortgage there would have been no arrearage.

Federal law does not require reaffirmation of mortgage on real property upon the completion of a Chapter 7 bankruptcy petition in order to keep the home. Payments and insurance and property taxes must be kept current.

The only issue of the transfer provision was under the difficulties arising by the transfer of the mortgage to a new owner/servicer. Court records reflect recent notice of the fact that even in the last few months a new assignment of mortgage has occur therefore there is some question as to whether the previous mortgagor has standing now to proceed with this case and whether there would have to be new motion for relief filed by the creditor if it chose to proceed.

The pleadings in this court will confirm that the creditor during one of its previous motions offered to allow the debtor to assume the mortgage and to make payments thereon. At a previous hearing in this matter the debtor advised the court and creditor that she was willing to do as the creditor requested and assume liability for the debt. Going forward into the future this would have had no adverse effect on the creditor since they in fact actually gained a new person liable for the debt at the time of foreclosure you could be pursued for collection of judgment. The debtor Britney Parsley will assume the debt and there would be no harm in doing this assumption of the mortgage in writing with the creditor since she still retained the option of converting to Chapter 7 bankruptcy and surrendering the home in the event of some major difficulty such as the now occurring coronavirus.

The creditor sought adequate protection and an agreement was reached to pay the creditor the monthly payment from funds held by the chapter 13 trustee that are being paid into the court by the Britney Parsley .

The debtor attempted to resolve this matter by sending payments to the creditor during the time period preceding the filing of the bankruptcy which were refused by the creditors during the transfer process. Further payments made to the predecessor creditor being received were not credited to the account of the debtor and in addition at the time of the transfer a $1900 escrow account disappeared from the records.

Properties being sold due to indebtedness arising either by statute or by agreement between the parties are subject to assignment and assumption . Although this is a case of novel impression similarities are clearly evident in state tax sales of property where in the debtor at the tax sale can transfer ownership to another individual who can then pursue receiving a deed from the tax commissioner.

West Virginia further requires the filing of notice of lis pendens in relation to foreclosure since persons buying the property in which foreclosure proceeding is currently pending could deprive third parties of ownership. The Lis pendens was not file indicating the foreclosure proceedings was pending at the time.

In West Virginia there is the ability to substitute a new trustee in a deed of trust and this is no different than substituting a new title Holder.

In West Virginia, a non- indebted or obligated third party real estate holder may place their property up for a deed of trust without incurring obligation upon the actual note itself.

This is where we find ourselves in this matter. A third party to the transaction, Britney Parsley, title Holder of property up for a deed of trust butwho is not obligated upon the note.

Title owner of any property may do what is necessary to protect their interest and ownership for their property being foreclosed upon, even the filing of the bankruptcy chapter 13.

See 3709 N. Flagler Drive Prodigy Land Trust, Mango Homes LLC v. Bank of Am., N.A., 226 So.3d 1040 (Fla. App. 2017)   August 30, 2017 Appellant challenges the trial court's entry of final judgment of foreclosure against its interest in the property which is subject to a mortgage. The trial court concluded that appellant, which received title to the property by quitclaim deed prior to the institution of foreclosure proceedings, could not contest the appellee's standing to bring the foreclosure action. We hold that appellant was a proper party to the proceedings;  thus, the court erred in refusing to allow appellant to contest the appellee's standing to bring the foreclosure proceeding. Which shows ownership interests should be protected.

Wherefore the debtor can file a Chapter 13 Bankruptcy to protect her interest.

**BRITNEY PARSLEY**

**BY:**

**ROBERT H. CARLTON**

**Prepared by:**

s/ Robert H. Carlton
**Robert H. Carlton, Attorney at Law**

**Carlton Law Office**
**19 East 5th Ave.**
**Williamson, WV 25661**

**Kentucky Bar 83885**
**North Carolina Bar 41756**
**West Virginia Bar 637**

**(304) 235-7777**
**Fax : 304-235-5111**
**Email: Carlton@CarltonLawOffices.com**
**www.BankruptcyLawOffice.com**