Frank W. Volk
United States District Judge

**UNITED STATES BANKRUPT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION** Dated: July 20th, 2020

IN RE:
**BRITNEY TIANN PARSLEY**

**CHAPTER 13**
**CASE NO. 19-30320**
**(Judge Volk)**

Debtor(s).

## PROPOSED ORDER GRANTING MOTION TO LIFT THE STAY

THIS MATTER came before the Court on June 18, 2020, on the Motion to Lift the Automatic Stay filed on behalf of J.P. Morgan Mortgage Acquisition Corp., as serviced by Rushmore Loan Management Services, LLC ("Movant"), moving this honorable Court for entry of an order lifting the stay and granting Movant the right to foreclose on the subject property.

### I.    Findings of Fact

1.    Britney Tiann Parsley ("Debtor"), filed her Chapter 13 Voluntary Petition on July 24, 2019.

2.    In her Schedule A/B Property, filed on August 2, 2019, Debtor claimed an interest in certain property located at 1948 Jennies Creek Road, Kermit, Wayne County, West Virginia 25674 (hereinafter "Subject Property").

3.    The source of the Debtor's title interest in the Subject Property is a Deed executed by Ralph and Maria Muncy on July 23, 2019 – only one day before filing her Bankruptcy Petition – and recorded in Deed book 740, at page 624, in the office of the Clerk of the County Commission of Wayne County on July 24, 2019.  *See* **Exhibit A**, "Conveyance Deed," attached hereto.

4.    Such Deed recites that the value of the Subject Property is Thirty-eight Thousand Seven Hundred and Sixty Dollars and 00/00 ($38,760.00) and recites "$1 Love and Affection" as consideration for the loan as a transfer from parent to child.

23

5.    Ralph and Maria Muncy are the Debtor's parents and are the borrowers, obligors, and/or mortgagors under a first lien mortgage secured by the Subject Property by a Deed of Trust. *See* **Exhibit B**, "Note" and **Exhibit C**, "Deed of Trust," attached hereto.

6.    The Deed of Trust includes two clauses material to the instant motion: first, a successor in interests clause in Paragraph eleven (11); and, second, what is commonly referred to as a "due on transfer" clause in Paragraph sixteen (16), which read in relevant part:

> 11. Successors and Assigns Bound; Joint and Several Liability; Co-signors:  The Covenants and agreements therein contained *shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof* . . . .

> 16. Transfer of the Property of a Beneficial Interest in Borrower: *If all or any part of the Property or any interest in it is sold or transferred* (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) *without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust*. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust . . . ." (emphasis added).

7.    Ralph and Maria Muncy received a Chapter 7 discharge of their personal obligations to pay the loan from this Court on September 14, 2005 and elected to maintain the loan payments and retain the property.  The mortgage loan currently stands due for its November 6, 2018, payment date.

8.    Debtor's Amended Chapter 13 Plan does not list a treatment of Movant's pre-petition arrearage or ongoing payments due for its secured interest under Section 3.2, but rather lists Movant's secured claim under Section 3.5 as a secured claim subject to separate motion or adversary proceeding.

9.    Debtor has filed no motion or adversary proceeding challenging Movant's secured interest in the Subject Property.

## II.    Conclusions of Law

10.    It is therefore undisputed by the Debtor that the Debtor is not personally obligated to make payments toward the mortgage loan by either operation of law or by the Deed of Trust and Note, to which she is not a signatory.

11.    The only interest Debtor possesses in the subject property is that which she received from her parents by Deed without paying fair market value. Such Deed was executed without satisfaction or payoff of the mortgage secured on the Subject Property.

12.·    The "due on transfer" clause was triggered by Ralph and Maria Muncy transferring an interest in the subject property to the Debtor.

13.    By so doing, they have triggered acceleration of the debt for a cause other than failure to maintain regular payments on the debt. Such cause for acceleration of the debt is available to the Movant in this matter whether the loan was current as of the date of transfer or not, and the full payoff of the loan is immediately due and payable.

14.    The Movant has accelerated the debt and does not acquiesce to assumption of the debt by the Debtor.

15.    The Debtor remains unwilling or unable to make the full payoff of the loan due upon acceleration of the debt. Therefore, Movant is entitled to enforce its right of foreclosure. It is hereby

**ORDERED** that the stay entered pursuant to this Bankruptcy is lifted to allow the Movant to exercise its right to foreclose upon the Subject Property.

IT IS FURTHER **ORDERED** that the Clerk of this Court send copies of this Order to all

counsel of record once entered.

IT IS SO **ORDERED**.


**WE ASK FOR THIS:**


*/s/ Jason E. Manning*
Jason E. Manning (WV Bar No. 11277)
John B. Hardison (WV Bar No. 12327)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: jason.manning@troutman.com
E-mail: john.hardison@troutman.com
*Counsel for J.P. Morgan Mortgage Acquisition Corp.,*
  *as serviced by Rushmore Loan Management Services, LLC*


42637740

# EXHIBIT A

Wayne County 09-30329 AE
Instrument No 3130533235
Date Recorded 07/24/2019
Document Type DEED
Pages Recorded 3
Book-Page  740-624
Recording Fee $11.00
Additional  $15.00

# DEED OF CONVEYANCE

This deed of Conveyance is made and entered into on this the __23rd__ day of __July__ 2019, by and between Ralph Muncy and Maria Muncy, Parties of the First Part, and Grantors, and Britney Tiann Parsley, individually, Party of the Second Part, and Grantee.

### Witnesseth

That for and in consideration of the sum of one dollar ($1.00) the receipt and sufficiency of which is hereby acknowledged, the Party of the First Part, has this day bargained and sold and by these presents does hereby bargain, sale, grant, and convey with **Covenant of General Warranty of Title** unto the Party of the Second Part, all rights title and interest in the following described parcels of real estate, with the improvements located thereon, being located in Lincoln District Wayne County, WV, comprising all property owned by Grantor including the improvements located thereon and being more particularly bounded and described as follows, to wit:

Beginning at a 5.8 inch rebar (set) in the Easterly line of locate service route 52/31 (Jennies Creek Road); thence leaving said right of way and severing the lands of Edith Williams (D.B 300, PG. 306) S 66 deg. 03 min. E. 92.70 feet to a 5/8 inch rebar (set); thence, N. 81 deg. 04 min. E. 25.82 feet to a 5/8 inch rebar (set) at a fence; thence with the fence, S. 29 deg. 02 min. E. 119.94 feet to a 5/8 inch rebar (set); thence S. 46 deg. 41 min. W. 108.50 feet to a 5/8 inch rebar (set); thence N. 60 deg. 51 min. W. 74.94 feet to a 5/8 inch rebar (set); thence N. 74 deg. 43 min. W. 51.10 feet to a 5/8 inch rebar (set); in the Easterly line of said right of way; thence with same, N. 8 deg. 46 min. E. 164.93 feet to the beginning, containing Five Hundred Eighty-Three Thousandths (0.583) acre, more or less, together with an existing 20-foot right of way across the lands of the grantors, leading to Jennies Creek Road.

MARIA MUNCY
1940 JENNYS CREEK ROAD
KERMIT, WV 25674-8089

1 of 3



**EXHIBIT A**

Being the same property conveyed by Geraldine Marcum to Grantors

herein on the 8th Day of March 1993 and recorded in deed book 555 at page

763 in the Office of the County Clerk of Wayne County, WV.

**TO HAVE AND TO HOLD UNTO THE GRANTEE**, her heirs and

assigns forever.

**Witness the following signatures** and seals as of the day month and

year first heretofore written.

*Ralph Muncy*
**RALPH MUNCY, GRANTOR**

*Maria Muncy*
**MARIA MUNCY GRANTOR**

*STATE OF* West Virginia
*COUNTY OF* Mingo

I Misty Dawn Brown, a Notary Public in and

for the County and State aforesaid, do hereby certify that Ralph and **Maria**

**Muncy**, Parties of the First Part, and Grantors, whose names are signed to

the foregoing Deed of Conveyance, bearing date the 23rd day of

July, 2019 has this day before me in my said County and State

acknowledged same to be her free act and deed.

GIVEN under my hand this 23rd day of July, 2019.

My Commission Expires: June 27, 2022

*Misty Dawn Brown*
**NOTARY PUBLIC**

OFFICIAL SEAL
Misty Dawn Brown
Notary Public
State of West Virginia
My Commission Expires
July 27, 2022
433 FAIRVIEW ADDITION RD.
WILLIAMSON, WV 25661

## DECLARATION OF CONSIDERATION

I hereby declare that this is a transfer from parents to child for the sum

$1 Love and affection , is exempt from the transfer tax and that the

fair market value of the interest in the real estate being transferred is

$ 38,760.00 .00.

_BRITNEY TIANN PARSLEY_
BRITNEY TIANN PARSLEY

STATE OF _West Virginia_
COUNTY OF _Mingo_
  I _Misty Dawn Brown_, a Notary Public in and

for the County and State aforesaid, do hereby certify that **BRITNEY**

**TIANN PARSLEY**, whose name is signed to the foregoing Declaration of

Consideration affidavit, bearing date the _23rd_ day of _July_,

20 _19_ has this day before me in my said County and State acknowledged

same to be a free act and deed.

    Taken subscribed and sworn to by **BRITNEY TIAN PARSLEY**, this

the _23rd_ day of _July_ 201 _9_

    GIVEN under my hand this _23rd_ day of _July_, 201 _9_.

My Commission Expires: _June 27, 2022_

OFFICIAL SEAL
Misty Dawn Brown
Notary Public
State of West Virginia
My Commission Expires
June 27, 2022
433 FAIRVIEW ADDITION RD.
WILLIAMSON, WV 25661

_Misty Dawn Brown_
NOTARY PUBLIC

**Prepared by:**

_s/ Robert H. Carlton_
s/ Robert H. Carlton
**Robert H. Carlton, Attorney at Law**
**Carlton Law Office**
**19 East 5th Ave.**
**Williamson, WV 25661**
**Kentucky Bar 83885**
**North Carolina Bar 41756**
**West Virginia Bar 637**

**(304) 235-7777**

Office of the Clerk of County Commission
Wayne County, West Virginia
The foregoing writing was this day presented in my
office, and thereupon together with the certificate

_Rawn G. Brown_ , Clerk
_Francene Crosley_ Deputy

# EXHIBIT B

# Disclosure Statement, Note and Security Agreement

| Borrower(s) (Name and mailing address) | Lender (Name, address, city and state) | Account No. |
|---|---|---|
| RALPH MUNCY<br>MARIA MUNCY<br>RT 1 JENNYS CREEK<br>CRUM WV 25665 | CITIFINANCIAL, INC.<br><br>4341 US RT 60 EAST<br>HUNTINGTON WV 25705 | ___85<br><br>Date of Loan<br>07/17/2003 |

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate.<br><br>9.75 % | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower.<br><br>$ 138,463.04 | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf.<br>$ 108,489.76 | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled.<br>$ 246,952.80 |
|---|---|---|---|

Payment Schedule:

| Number of Payments | Amount of Payments * | When Payments Are Due |
|---|---|---|
| 240 | $ 1,028.97 | MONTHLY BEGINNING  08/22/2003 |
| | $ | |
| | $ | |
| | $ | |

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**Security:** If checked, Borrower is giving a security interest in:

☐ Motor Vehicle   ☐ Mobile Home
☒ Real Property   ☐ Other:

**Late Charge:** If a payment is not paid in full within 10 days of its due date, Borrower will be charged 5.0 % of the amount in default, not to exceed $   15.00.

**Prepayment:** If Borrower pays off early, Borrower will not have to pay a penalty, and will not be entitled to a refund of part of the finance charge.

\* Does not include any insurance premium.

| Additional Information:<br>Total amount of first month's payment including insurance premiums, if any.<br>$   1,028.97 | PRINCIPAL<br>$ 111,744.45 | POINTS/LOAN PROCESSING FEE<br>$   3,254.69 | DATE CHARGES BEGIN<br>07/22/2003 |
|---|---|---|---|

**Required Insurance Disclosure:**

If Borrower grants Lender a security interest as indicated in this document, insurance to protect the Lender's interest in the collateral may be required. If this loan is secured by real property, or mobile/manufactured home, then fire, extended coverage, collision and/or comprehensive casualty insurance is required naming Lender as loss payee, until the loan is fully paid. The amount of such insurance must be sufficient to satisfy the unpaid balance of the loan, or be equal to the value of the collateral, whichever is less. Such insurance may be provided through an existing policy or a policy obtained independently and purchased by Borrower. Borrower may obtain such insurance from any insurer that is reasonably acceptable to Lender.

**Optional Insurance Disclosure:**

Borrower is not required to purchase optional insurance products, such as: Credit Life, Credit Disability, Involuntary Unemployment Insurance or any other optional insurance products. Lender's decision to grant credit will not be affected by Borrower's decision to purchase or decline to purchase optional insurance.

Coverage will not be provided unless Borrower signs and agrees to pay the applicable monthly premium in addition to the monthly loan payment disclosed above.

Borrower should refer to the terms contained in the applicable certificate or policy of insurance issued for the exact description of benefits, exclusions and premium rates.

If Borrower purchases insurance, Borrower's monthly payment will include both the monthly loan payment disclosed above and the applicable monthly premiums.

I/We request the following insurance:

| Premium Due with the First Month's Loan Payment | First Year's Premium * | Insurance Type: | | |
|---|---|---|---|---|
| $NONE | $ | | *Ralph Muncy*<br>First Borrower's Signature | 7-17-03<br>Date |
| $NONE | $ | | *Maria Muncy*<br>Second Borrower's Signature | 7-17-03<br>Date |
| $NONE | $ | | | |

(\* First year's premiums are calculated on the assumption that monthly loan payments are timely made). Accrued but unpaid premium, if not paid earlier, will be due and payable at the time of the final payment on the loan. However, failure to pay premiums may result in termination of insurance as described below.

**Termination of Insurance:**

Borrower may cancel any of the optional insurance products offered at any time. The optional insurance will terminate upon the earliest of the following occurrences:

(1)  the Lender's receipt of Borrower's written request for termination;
(2)  on the date when the sum of past due premiums equal or exceed four times the first month premium;
(3)  termination pursuant to the provisions of the insurance certificate;
(4)  payment in full of Borrower's Loan;
(5)  death of Borrower.

35          07/17/2003

**RALPH MUNCY  MARIA MUNCY**

Principal and interest shall be payable in the monthly installments shown above, except that any appropriate adjustments will be made to the first and final payments, beginning on the first payment date shown above and continuing on the same day in each following month until paid in full. Upon the final payment date or the acceleration thereof, the entire outstanding balance of Principal and interest evidenced by this Disclosure Statement, Note and Security Agreement shall be due and payable. Any payment(s) which Lender accepts after the final payment date or the acceleration thereof do not constitute a renewal or extension of this loan unless Lender so determines.

**PREPAYMENT:** Borrower may prepay this loan in whole or in part at any time without penalty. However, upon partial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayment and the application of a Refund to the unpaid balance of the loan will not affect the amount or due date of subsequent scheduled payments on the loan, but may reduce the number of such payments.

**SECURITY AGREEMENT:**

☐ A. If this box is checked, this loan is unsecured.

☐ B. If this box is checked, to secure the payment and performance hereof, Borrower gives to Lender a security interest under the Uniform Commercial Code in any property for which a description is completed below and all parts and equipment now or later added to the property and any proceeds of the property, all which will be called "Property". See below for additional terms applicable to this security interest.

1. Motor vehicle/mobile home:

| Make, No. Cylinders | Year/Model | Model No. Or Name | Body Type | Identification Number |
|---|---|---|---|---|
| | | | | |
| | | | | |

2. Other Property:

☒ C. If this box is checked, Borrower's loan is secured by a Deed of Trust or Mortgage of even date on real property which requires Lender's written consent to a sale or transfer of the encumbered real property located at RT 1 JENNYS CREEK CRUM WV 25665 . See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in Borrower's real property ("Property").

**OWNERSHIP OF PROPERTY:** Borrower represents that the Property is owned by Borrower free and clear of all liens and encumbrances except those of which Borrower has informed Lender in writing. Prior to any default, Borrower may keep and use the Property at Borrower's own risk, subject to the provisions of the Uniform Commercial Code. If the Property includes a motor vehicle or a mobile home, Borrower will, upon request, deliver the certificate of title to the motor vehicle or a mobile home to Lender.

**USE OF PROPERTY:** Borrower will not sell, lease, encumber, or otherwise dispose of the Property without Lender's prior written consent. Borrower will keep the Property at Borrower's address (as shown on page 1) unless Lender has granted permission in writing for the Property to be located elsewhere. The Property will be used only in the state in which Borrower lives unless the Property is a motor vehicle, in which case it will be used outside the state only in the course of Borrower's normal use of the Property. Borrower will not use or permit the use of the Property for hire or for illegal purposes.

**TAXES AND FEES:** Borrower will pay all taxes, assessments, and other fees payable on the Property. If Borrower fails to pay such amounts, Lender may pay such amounts for Borrower and the amounts paid by Lender will be added to the unpaid balance of the loan.

**INSURANCE:** If Borrower purchases any insurance at Lender's office, Borrower understands and acknowledges that (1) the insurance company may be affiliated with Lender, (2) Lender's employee(s) may be an agent for the insurance company, (3) such employee(s) is not acting as the agent, broker or fiduciary for Borrower on this loan, but may be the agent of the insurance company, and (4) Lender or the insurance company may realize some benefit from the sale of that insurance. If Borrower fails to obtain or maintain any required insurance or fails to designate an agent through whom the insurance is to be obtained, Lender may purchase such required insurance for Borrower through an agent of Lender's choice, and the amounts paid by Lender will be added to the unpaid balance of the loan.

**FEE DISCLOSURE:** In connection with this loan, the Lender will pay an affiliated company a fee of $ N/A

**FINANCING STATEMENTS:** Borrower will sign all financing statements, continuation statements, security interest filing statements, and similar documents with respect to the Property at Lender's request.

**LATE CHARGE:** If Borrower fails to pay any scheduled payment in full within 10 days of its due date, Borrower agrees to pay a late charge of 5.0% of the unpaid amount of installment, not to exceed $ 15.00.

**LOAN CHARGES:** If a law that applies to this loan and that sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from Borrower that exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this loan or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge.

**DEFAULT:** Borrower will be in default if:
1. Borrower does not make any scheduled payment on time;
2. Borrower is (or any other person puts Borrower) in bankruptcy, insolvency or receivership;
3. Any of Borrower's creditors attempts by legal process to take and keep any property of Borrower, including the Property securing this loan;
4. Borrower fails to fulfill any promise made under this agreement; or
5. A default occurs under any Real Estate Mortgage or Deed of Trust which secures this loan or under any other mortgage or deed of trust on the real property.

Subject to Borrower's right to any notice of default, right to cure default, and any other applicable laws, if Borrower defaults, Lender may require Borrower to repay the entire unpaid Principal balance and any accrued interest at once. Lender's failure to exercise or delay in exercising any of its

RALPH MUNCY  MARIA MUNCY                                              ⬤ ⬛35    07/17/2003

Where the context requires, singular words may be read in the plural and plural words in the singular. References to the masculine gender may be read to apply to the feminine gender.

OTHER TERMS: Each Borrower under this Disclosure Statement, Note and Security Agreement, if more than one, agrees that Lender may obtain approval from one Borrower to change the repayment terms and release any Property securing the loan, or add parties to or release parties from this agreement, without notice to any other Borrower and without releasing any other Borrower from his responsibilities. Except for any right of notice of default required by law, the Lender does not have to give any other notice to the Borrower before instituting suit if the note is not paid.

Borrower, endorsers, sureties and guarantors, to the extent permitted by law, severally waive their right to require Lender to demand payment of amounts due, to give notice of amounts that have not been paid, to receive notice of any extensions of time to pay which Lender allows to any Borrower and to require Lender to show particular diligence in bringing suit against anyone responsible for repayment of this loan, and additionally, waive benefit of stay of execution and condemnation, on any Property securing this loan and waive the benefit of valuation and appraisement. If the Property listed as securing this loan is subject to the Borrower's, endorsers', sureties' or guarantors' homestead rights, those persons hereby consent and agree to waive those rights to the extent the loan cannot be satisfied without encroaching upon the homestead exemption in accordance with law.

This Disclosure Statement, Note and Security Agreement shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them, their heirs, successors, legal representatives and assigns.

If any part of the Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and accompanying Itemization of Amount Financed and Arbitration Agreement is unenforceable, this will not make any other part unenforceable.

REFINANCING: The overall cost of refinancing an existing loan balance may be greater than the cost of keeping the existing loan and obtaining a second loan for any additional funds Borrower wishes to borrow.

> ARBITRATION. Borrower, Non-Obligor(s) (if any) and Lender have entered into a separate Arbitration Agreement on this date, the terms of which are incorporated and made a part of this Disclosure Statement, Note and Security Agreement by this reference.

The following notice applies only if this box is checked. ☐

## NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

By signing below, Borrower agrees to the terms contained herein, acknowledges receipt of a copy of this Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and of the accompanying Itemization of Amount Financed and Arbitration Agreement, and authorizes the disbursements stated therein.

WITNESSES:                                    SIGNED:

_____              _____ (Seal)
                                              RALPH MUNCY               -Borrower
_____              _____ (Seal)
                                              MARIA MUNCY               -Borrower
_____                                        _____ (Seal)
                                                                        -Borrower

                                              CITIFINANCIAL, INC.

                                              By:_____
                                                 (Name and Title)        07/17/2003 18:07:53

SECURITY INTEREST OF NONOBLIGOR: Borrower only is personally liable for payment of the loan. Nonobligor is liable and bound by all other terms, conditions, covenants, and agreements contained in this Disclosure Statement, Note and Security Agreement, including but not limited to the right and power of Lender to repossess and sell the Property securing this loan, in the event of default by Borrower in payment of this loan.

_____ (Seal)        _____ (Seal)
                                Date                                          Date
Signature                                      Signature

# Disclosure Statement, Adjustable Rate Note and Security Agreement

| Borrower(s) (Name and mailing address) | Lender (Name, address, city and state) | Account No. |
|---|---|---|
| RALPH MUNCY<br>MARIA MUNCY<br>RT 1 JENNYS CREEK<br>CRUM WV 25665 | CITIFINANCIAL, INC.<br><br>4341 US RT 60 EAST<br>HUNTINGTON WV 25705 | ████68<br><br>**Date of Loan**<br>08/19/2002 |

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower. | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf. | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled. |
|---|---|---|---|
| 8.75 % | $ 103,907.55 | $ 92,731.65 | $ 196,639.20 |

**Payment Schedule:**

| Number of Payments | Amount of Payments * | When Payments Are Due |
|---|---|---|
| 240 | $ 819.33 | MONTHLY BEGINNING 09/03/2002 |
| | $ | ACCT # 1-22-03 |
| | $ | DATE |
| | $ | |

**Security:** Borrower is giving a security interest in:

[X] Real Property
[ ] Mobile Home or Manufactured Home

**Late Charge:** If a payment is not paid in full within 10 days of its due date, Borrower will be charged 5.0 % of the amount in default, not to exceed $ 15.00.

**Prepayment:** If Borrower pays off early, Borrower will not have to pay a penalty, and will not be entitled to a refund of part of the finance charge.

This loan is a variable rate loan. Borrower acknowledges receipt of the variable rate loan disclosures which have been provided to Borrower earlier.

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

\* Does not include any insurance premium.

**Additional Information:**

| Total amount of first month's payment including insurance premiums, if any. $ 819.33 | PRINCIPAL $ 97,368.23 | POINTS $ 4,636.58 | INITIAL RATE OF INTEREST 8.080 % | MARGIN 3.330 PERCENTAGE POINTS |
|---|---|---|---|---|

| DATE CHARGES BEGIN |
|---|
| 08/23/2002 |

**Required Insurance Disclosure:**
If Borrower grants Lender a security interest as indicated in this document, insurance to protect the Lender's interest in the collateral may be required. If this loan is secured by real property, or mobile/manufactured home, then fire, extended coverage, collision and/or comprehensive casualty insurance is required naming Lender as loss payee, until the loan is fully paid. The amount of such insurance must be sufficient to satisfy the unpaid balance of the loan, or be equal to the value of the collateral, whichever is less. Such insurance may be provided through an existing policy or a policy obtained independently and purchased by Borrower. Borrower may obtain such insurance from any insurer that is reasonably acceptable to Lender.

**Optional Insurance Disclosure:**
Borrower is not required to purchase optional insurance products, such as: Credit Life, Credit Disability, Involuntary Unemployment Insurance or any other optional insurance products. Lender's decision to grant credit will not be affected by Borrower's decision to purchase or decline to purchase optional insurance.

Coverage will not be provided unless Borrower signs and agrees to pay the applicable monthly premium in addition to the monthly loan payment disclosed above.

Borrower should refer to the terms contained in the applicable certificate or policy of insurance issued for the exact description of benefits, exclusions and premium rates.

If Borrower purchases insurance, Borrower's monthly payment will include both the monthly loan payment disclosed above and the applicable monthly premiums.

I/We request the following insurance:

| Premium Due with the First Month's Loan Payment | First Year's Premium * | Insurance Type: |
|---|---|---|
| $NONE | $ | |
| $NONE | $ | |
| $NONE | $ | |

First Borrower's Signature: *Ralph Muncy*  Date: 8-19-02

Second Borrower's Signature: *Maria Muncy*  Date: 8-19-02

(\* First year's premiums are calculated on the assumption that monthly loan payments are timely made). Accrued but unpaid premium, if not paid earlier, will be due and payable at the time of the final payment on the loan. However, failure to pay premiums may result in termination of insurance as described below.

**Termination of Insurance:**
Borrower may cancel any of the optional insurance products offered at any time. The optional insurance will terminate upon the earliest of the following occurrences:
(1) the Lender's receipt of Borrower's written request for termination;

# Disclosure Statement, Note and Security Agreement

| Borrower(s) (Name and mailing address)<br>RALPH MUNCY<br>MARIA MUNCY<br>RT 1 JENNYS CREEK<br>CRUM WV 25665 | Lender (Name, address, city and state)<br>CITIFINANCIAL, INC.<br><br>4341 US RT 60 EAST<br>HUNTINGTON WV 25705 | Account No.<br>▓▓▓35<br>Date of Loan<br>07/17/2003 |
|---|---|---|

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate.<br><br>9.75 % | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower.<br><br>$ 138,463.04 | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf.<br><br>$ 108,489.76 | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled.<br><br>$ 246,952.80 |
|---|---|---|---|

**Payment Schedule:**

| Number of Payments | Amount of Payments * | When Payments Are Due |
|---|---|---|
| 240 | $ 1,028.97 | MONTHLY BEGINNING 08/22/2003 |
|  | $ |  |
|  | $ |  |
|  | $ |  |

**Security:** If checked, Borrower is giving a security interest in:

☐ Motor Vehicle    ☐ Mobile Home
☒ Real Property    ☐ Other:

**Late Charge:** If a payment is not paid in full within 10 days of its due date, Borrower will be charged 5.0 % of the amount in default, not to exceed $ 15.00.

**Prepayment:** If Borrower pays off early, Borrower will not have to pay a penalty, and will not be entitled to a refund of part of the finance charge.

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

* Does not include any insurance premium.

**Additional Information:**

| Total amount of first month's payment including insurance premiums, if any.<br>$ 1,028.97 | PRINCIPAL<br>$ 111,744.45 | POINTS/LOAN PROCESSING FEE<br>$ 3,254.69 | DATE CHARGES BEGIN<br>07/22/2003 |
|---|---|---|---|

**Required Insurance Disclosure:**
If Borrower grants Lender a security interest as indicated in this document, insurance to protect the Lender's interest in the collateral may be required. If this loan is secured by real property, or mobile/manufactured home, then fire, extended coverage, collision and/or comprehensive casualty insurance is required naming Lender as loss payee, until the loan is fully paid. The amount of such insurance must be sufficient to satisfy the unpaid balance of the loan, or be equal to the value of the collateral, whichever is less. Such insurance may be provided through an existing policy or a policy obtained independently and purchased by Borrower. Borrower may obtain such insurance from any insurer that is reasonably acceptable to Lender.

**Optional Insurance Disclosure:**
Borrower is not required to purchase optional insurance products, such as: Credit Life, Credit Disability, Involuntary Unemployment Insurance or any other optional insurance products. Lender's decision to grant credit will not be affected by Borrower's decision to purchase or decline to purchase optional insurance.

Coverage will not be provided unless Borrower signs and agrees to pay the applicable monthly premium in addition to the monthly loan payment disclosed above.

Borrower should refer to the terms contained in the applicable certificate or policy of insurance issued for the exact description of benefits, exclusions and premium rates.

If Borrower purchases insurance, Borrower's monthly payment will include both the monthly loan payment disclosed above and the applicable monthly premiums.

I/We request the following insurance:

| Premium Due with the First Month's Loan Payment | First Year's Premium * | Insurance Type: |
|---|---|---|
| $NONE | $ |  |
| $NONE | $ |  |
| $NONE | $ |  |

First Borrower's Signature _Ralph Muncy_    Date 7-17-03

Second Borrower's Signature _Maria Muncy_    Date 7-17-03

(* First year's premiums are calculated on the assumption that monthly loan payments are timely made). Accrued but unpaid premium, if not paid earlier, will be due and payable at the time of the final payment on the loan. However, failure to pay premiums may result in termination of insurance as described below.

**Termination of Insurance:**
Borrower may cancel any of the optional insurance products offered at any time. The optional insurance will terminate upon the earliest of the following occurrences:
(1) the Lender's receipt of Borrower's written request for termination;
(2) on the date when the sum of past due premiums equal or exceed four times the first month premium;
(3) termination pursuant to the provisions of the insurance certificate;
(4) payment in full of Borrower's Loan;
(5) death of Borrower.

**TERMS:** In this Disclosure Statement, Note and Security Agreement, the word "Borrower" refers to the persons signing below as Borrower, whether one or more. If more than one Borrower signs, each will be responsible, individually and together, for all promises made and for repaying the loan in full. The word "Lender" refers to the lender, whose name and address are shown above.

**PROMISE TO PAY:** In return for a loan that Borrower has received, Borrower promises to pay to the order of Lender the Principal shown above, which includes Points/Loan Processing Fee, plus interest on the unpaid Principal balance from the Date Charges Begin shown above at the rate of interest of 09.3264 % per annum. Lender will compute interest on the unpaid Principal balance on a daily basis from the date charges begin until Borrower repays the loan. If Borrower does not make sufficient or timely payments according to the payment schedule above, Borrower will incur greater interest charges on the loan. On the N/A month anniversary of the Date of Loan shown above, the rate of interest applicable to the remaining unpaid principal balance shall decrease to N/A % per annum.

Any amount shown above as Points/Loan Processing Fee is considered a prepaid charge and is in addition to interest calculated at the above rate(s) of interest. Any Points/Loan Processing Fee is earned prior to any other interest on the loan balance. In the event of prepayment of the loan, prepaid Points/Loan Processing Fee will not be refundable to Borrower.

Each payment shall be applied as follows: (1) monthly loan payments due (first to interest, then principal), (2) insurance premiums due, (3) unpaid interest to the date of payment, if any, then (4) principal. Lender may collect interest from and after maturity upon the unpaid Principal balance at the maximum rate permitted under the then applicable law or the rate of interest prevailing at the time of maturity under this Disclosure Statement, Note and Security Agreement.

Borrower's Initials: _RM_ _MM_

Page 1 of 3

35          07/17/2003

**RALPH MUNCY   MARIA MUNCY**

Principal and interest shall be payable in the monthly installments shown above, except that any appropriate adjustments will be made to the first and final payments, beginning on the first payment date shown above and continuing on the same day in each following month until paid in full. Upon the final payment date or the acceleration thereof, the entire outstanding balance of Principal and interest evidenced by this Disclosure Statement, Note and Security Agreement shall be due and payable. Any payment(s) which Lender accepts after the final payment date or the acceleration thereof do not constitute a renewal or extension of this loan unless Lender so determines.

**PREPAYMENT:** Borrower may prepay this loan in whole or in part at any time without penalty. However, upon partial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayment and the application of a Refund to the unpaid balance of the loan will not affect the amount or due date of subsequent scheduled payments on the loan, but may reduce the number of such payments.

**SECURITY AGREEMENT:**

☐ A. If this box is checked, this loan is unsecured.

☐ B. If this box is checked, to secure the payment and performance hereof, Borrower gives to Lender a security interest under the Uniform Commercial Code in any property for which a description is completed below and all parts and equipment now or later added to the property and any proceeds of the property, all which will be called "Property". See below for additional terms applicable to this security interest.

1. Motor vehicle/mobile home:

| Make, No. Cylinders | Year/Model | Model No. Or Name | Body Type | Identification Number |
|---|---|---|---|---|
| | | | | |
| | | | | |

2. Other Property:

☒ C. If this box is checked, Borrower's loan is secured by a Deed of Trust or Mortgage of even date on real property which requires Lender's written consent to a sale or transfer of the encumbered real property located at RT 1 JENNYS CREEK CRUM WV 25665 . See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in Borrower's real property ("Property").

**OWNERSHIP OF PROPERTY:** Borrower represents that the Property is owned by Borrower free and clear of all liens and encumbrances except those of which Borrower has informed Lender in writing. Prior to any default, Borrower may keep and use the Property at Borrower's own risk, subject to the provisions of the Uniform Commercial Code. If the Property includes a motor vehicle or a mobile home, Borrower will, upon request, deliver the certificate of title to the motor vehicle or a mobile home to Lender.

**USE OF PROPERTY:** Borrower will not sell, lease, encumber, or otherwise dispose of the Property without Lender's prior written consent. Borrower will keep the Property at Borrower's address (as shown on page 1) unless Lender has granted permission in writing for the Property to be located elsewhere. The Property will be used only in the state in which Borrower lives unless the Property is a motor vehicle, in which case it will be used outside the state only in the course of Borrower's normal use of the Property. Borrower will not use or permit the use of the Property for hire or for illegal purposes.

**TAXES AND FEES:** Borrower will pay all taxes, assessments, and other fees payable on the Property. If Borrower fails to pay such amounts, Lender may pay such amounts for Borrower and the amounts paid by Lender will be added to the unpaid balance of the loan.

**INSURANCE:** If Borrower purchases any insurance at Lender's office, Borrower understands and acknowledges that (1) the insurance company may be affiliated with Lender, (2) Lender's employee(s) may be an agent for the insurance company, (3) such employee(s) is not acting as the agent, broker or fiduciary for Borrower on this loan, but may be the agent of the insurance company, and (4) Lender or the insurance company may realize some benefit from the sale of that insurance. If Borrower fails to obtain or maintain any required insurance or fails to designate an agent through whom the insurance is to be obtained, Lender may purchase such required insurance for Borrower through an agent of Lender's choice, and the amounts paid by Lender will be added to the unpaid balance of the loan.

**FEE DISCLOSURE:** In connection with this loan, the Lender will pay an affiliated company a fee of $ N/A

**FINANCING STATEMENTS:** Borrower will sign all financing statements, continuation statements, security interest filing statements, and similar documents with respect to the Property at Lender's request.

**LATE CHARGE:** If Borrower fails to pay any scheduled payment in full within   10 days of its due date, Borrower agrees to pay a late charge of 5.0% of the unpaid amount of installment, not to exceed $   15.00.

**LOAN CHARGES:** If a law that applies to this loan and that sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from Borrower that exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this loan or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge.

**DEFAULT:** Borrower will be in default if:
1. Borrower does not make any scheduled payment on time;
2. Borrower is (or any other person puts Borrower) in bankruptcy, insolvency or receivership;
3. Any of Borrower's creditors attempts by legal process to take and keep any property of Borrower, including the Property securing this loan;
4. Borrower fails to fulfill any promise made under this agreement; or
5. A default occurs under any Real Estate Mortgage or Deed of Trust which secures this loan or under any other mortgage or deed of trust on the real property.

Subject to Borrower's right to any notice of default, right to cure default, and any other applicable laws, if Borrower defaults, Lender may require Borrower to repay the entire unpaid Principal balance and any accrued interest at once. Lender's failure to exercise or delay in exercising any of its rights when default occurs does not constitute a waiver of those rights under this Note.

**EFFECTS OF DEFAULT:** If Borrower defaults, Borrower will deliver the Property to Lender or, upon Lender's demand, assemble the Property and make it available to Lender at a reasonably convenient place. Lender may, without previous notice or demand for payment and without legal process, peacefully enter any place where the Property is located and take possession of it. Lender may dispose of the Property in any way it wishes, subject to applicable state law. The Property may be sold with notice at a private or public sale at a location chosen by Lender. At such a sale, Lender may purchase the Property. Subject to the West Virginia Consumer Credit and Protection Act, the proceeds of the sale, minus the expenses of taking, removing, holding, repairing, and selling the Property, including reasonable attorney's fees, and minus the cost of paying off and removing any liens or claims on the Property, will be credited to the unpaid balance of Borrower's loan. If Borrower has left other property in the repossessed Property, Lender may hold such property temporarily for Borrower without any responsibility or liability for the property. Notice of the time and place of a public sale or notice of the time after which a private sale will occur is reasonable if mailed to the Borrower's address at least five days before the sale. The notice may be mailed to Borrower's last address shown on Lender's records.

**LAW THAT APPLIES:** West Virginia law and federal law, as applicable, govern this Disclosure Statement, Note and Security Agreement. If any part is unenforceable, this will not make any other part unenforceable. In no event will Borrower be required to pay interest or charges in excess of those permitted by law.

**OTHER RIGHTS:** Lender may accept payments after maturity or after a default without waiving its rights with respect to any subsequent default in payment. Borrower agrees that Lender may extend time for payment after maturity without notice. The terms of this agreement can be waived or changed only in a writing signed by Lender.

Borrower's Initials: *R-M*   *MM*

Page 2 of 3

WV 25766-13 2/2003          **Original (Branch)      Copy  (Customer)**

35    07/17/2003

RALPH MUNCY   MARIA MUNCY

Where the context requires, singular words may be read in the plural and plural words in the singular.  References to the masculine gender may be read to apply to the feminine gender.

OTHER TERMS: Each Borrower under this Disclosure Statement, Note and Security Agreement, if more than one, agrees that Lender may obtain approval from one Borrower to change the repayment terms and release any Property securing the loan, or add parties to or release parties from this agreement, without notice to any other Borrower and without releasing any other Borrower from his responsibilities.  Except for any right of notice of default required by law, the Lender does not have to give any other notice to the Borrower before instituting suit if the note is not paid.

Borrower, endorsers, sureties and guarantors, to the extent permitted by law, severally waive their right to require Lender to demand payment of amounts due, to give notice of amounts that have not been paid, to receive notice of any extensions of time to pay which Lender allows to any Borrower and to require Lender to show particular diligence in bringing suit against anyone responsible for repayment of this loan, and additionally, waive benefit of stay of execution and condemnation, on any Property securing this loan and waive the benefit of valuation and appraisement.  If the Property listed as securing this loan is subject to the Borrower's, endorsers', sureties' or guarantors' homestead rights, those persons hereby consent and agree to waive those rights to the extent the loan cannot be satisfied without encroaching upon the homestead exemption in accordance with law.

This Disclosure Statement, Note and Security Agreement shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them, their heirs, successors, legal representatives and assigns.

If any part of the Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and accompanying Itemization of Amount Financed and Arbitration Agreement is unenforceable, this will not make any other part unenforceable.

REFINANCING: The overall cost of refinancing an existing loan balance may be greater than the cost of keeping the existing loan and obtaining a second loan for any additional funds Borrower wishes to borrow.

---

**ARBITRATION.** Borrower, Non-Obligor(s) (if any) and Lender have entered into a separate Arbitration Agreement on this date, the terms of which are incorporated and made a part of this Disclosure Statement, Note and Security Agreement by this reference.

---

The following notice applies only if this box is checked. ☐

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

By signing below, Borrower agrees to the terms contained herein, acknowledges receipt of a copy of this Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and of the accompanying Itemization of Amount Financed and Arbitration Agreement, and authorizes the disbursements stated therein.

WITNESSES:                                            SIGNED:

_____                     _____ (Seal)
                                                      RALPH MUNCY              -Borrower
_____                     _____ (Seal)
                                                      MARIA MUNCY             -Borrower
_____
                                                     _____ (Seal)
_____                                              -Borrower

                                                     CITIFINANCIAL, INC.
                                                     By:_____ 07/17/2003 18:07:53
                                                        (Name and Title)

SECURITY INTEREST OF NONOBLIGOR: Borrower only is personally liable for payment of the loan. Nonobligor is liable and bound by all other terms, conditions, covenants, and agreements contained in this Disclosure Statement, Note and Security Agreement, including but not limited to the right and power of Lender to repossess and sell the Property securing this loan, in the event of default by Borrower in payment of this loan.

_____ (Seal) _____           _____ (Seal) _____
Signature                       Date              Signature                       Date

WV 25766-13  2/2003          Original(Branch)     Copy  (Customer)                      Page 3 of 3

# EXHIBIT C

Book-Page 572-442

Cross Reference

S/TR 684-783       20
ASGMT/L 41-671
ASGMT/L 42-971

After recording, please return to:
CITIFINANCIAL, INC.

4341 US RT 60 EAST
HUNTINGTON WV 25705

JUL 2 1 2003

WAYNE COUNTY COMMISSION
Recorded        Clerk 15
Dte/Time Re 07/21/2003  09:54:39
Inst #:              123421
Type:       TRUST
Book/Page      572- /  442-
Total Recd    13.00       .00

BOOK 572
PAGE 442

# DEED OF TRUST

THIS DEED OF TRUST is made this  17th  day of     July          ,  2003   , among the Grantor,
RALPH MUNCY MARIA MUNCY
                                                     (herein "Borrower"),

Janet Phillips,   whose residence address is   Randolph County, West Virginia         (herein "Trustee"),
and the Beneficiary,   CITIFINANCIAL, INC.
a corporation organized and existing          under the laws of      West Virginia                , whose
address is    4341 US RT 60 EAST   HUNTINGTON WV 25705                                        (herein
"Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and
conveys to Trustee, in trust, with power of sale, the following described property located in the County of
WAYNE                          , State of West Virginia:

SEE ATTACHED EXHIBIT A

which has the address of  RT 1 JENNYS CREEK                         ,   CRUM
West Virginia     25665
                                (herein "Property Address");

RALPH MUNCY  MARIA MUNCY                                          07/17/2003

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations

22

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**BOOK 572**
**PAGE 444**

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including Borrower's failure to pay any sums secured by this Deed of Trust, by the end of 5 calendar days after they are due, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies

Book-Page 572-445

23

RALPH MUNCY  MARIA MUNCY                                                                 07/17/2003

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Waiver of Homestead.** If the Property is subject to the Borrower's, endorsers', sureties' or guarantors' homestead rights, those persons hereby consent and agree to waive those rights to the extent the loan cannot be satisfied without encroaching upon the homestead exemption in accordance with law.

**23. Beneficiary's Address.** The beneficial owner and holder of the Note at the time of execution and delivery hereof is CITIFINANCIAL, INC.                        , whose residence address is stated at the conclusion of the first paragraph of the first page of this Deed of Trust.

**24. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 24, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 24, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

24

RALPH MUNCY  MARIA MUNCY                                    07/17/2003

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, with a copy to P. O. Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

BOOK 572
PAGE 446

_____  -Borrower

_____  -Borrower

STATE OF WEST VIRGINIA. _____Cabell_____ County ss:

The foregoing instrument was acknowledged before me this _____7/17/03_____ [date]

by _____Ralph Muncy   Marie Muncy_____
            [person acknowledging]

My Commission expires: _____ 6-12-2004

            Notary Public

This instrument was prepared by _____

Original (Recorded)     Copy (Branch)     Copy (Customer)               Page 5 of 5
————————— (Space Below This Line Reserved For Lender and Recorder) —————————



Official Seal
Notary Public, State of West Virginia
MEREDITH L. RAKES
CITIFINANCIAL
4341 US ROUTE 60 EAST
HUNTINGTON, WV 25705
My commission expires June 12, 2004

26

   7/15/03 8:10   PAGE   2/7   RightFAX

ORDER #: 

BOOK 572
PAGE 448

## EXHIBIT A

THE FOLLOWING DESCRIBED REAL ESTATE, TO-WIT:

ALL THAT LOT OR PARCEL OF REAL ESTATE SITUATE ON THE WATERS OF JENNIES
CREEK, IN LINCOLN DISTRICT, OF WAYNE COUNTY, WEST VIRGINIA, BOUNDED AND
DESCRIBED AS FOLLOWS:

BEGINNING AT A 5/8 INCH REBAR (SET) IN THE EASTERLY LINE OF LOCAL SERVICE ROUTE
52/31 (JENNIES CREEK ROAD); THENCE LEAVING SAID RIGHT OF WAY AND SEVERING THE
LANDS OF EDITH WILLIAMS (D. B. 300, PG. 306) S 66 DEG. 03 MIN. E. 92.70 FEET TO A 5/8 INCH
REBAR (SET); THENCE, N 81 DEG. 04 MIN. E 25.82 FEET TO A 5/8 INCH REBAR (SET) AT A
FENCE; THENCE WITH THE FENCE, S 29 DEG. 02 MIN. E 119.94 FEET TO A 5/8 INCH REBAR
(SET); THENCE S 46 DEG. 41 MIN. W 108.50 FEET TO A 5/8 INCH REBAR (SET); THENCE N 60
DEG. 51 MIN. W 74.94 FEET TO A 5/8 INCH
REBAR (SET); THENCE N 74 DEG. 43 MIN. W 51.10 FEET TO A 5/8 INCH REBAR (SET); IN THE
EASTERLY LINE OF SAID RIGHT OF WAY; THENCE WITH SAME, N 8 DEG. 46 MIN. E 164.93
FEET TO THE BEGINNING, CONTAINING FIVE HUNDRED EIGHTY-THREE THOUSANDTHS
(0.583) ACRE, MORE OR LESS, TOGETHER WITH AN EXISTING 20-FOOT RIGHT OF WAY
ACROSS THE LANDS OF THE GRANTORS, LEADING TO JENNIES CREEK ROAD.

MAP 41, PARCEL 29.2

BY FEE SIMPLE DEED FROM GERALDINE MARCUM, SINGLE AS SET FORTH IN BOOK 555
PAGE 763 DATED 03/08/1993 AND RECORDED 04/05/1993, WAYNE COUNTY RECORDS, STATE OF
WEST VIRGINIA.

JUL 2 1 2003

Office of the Clerk of County Commission
Wayne County, West Virginia
    The foregoing writing was this day presented in my
office, and thereupon together with the certificate
annexed, is admitted to record.